UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DALE ALLEN HURICK, # 480810,

        Plaintiff,

v.

KEN McKEE, et al.,

        Defendants.

Case No. 1:15-cv-140

Honorable Paul L. Maloney

**MEMORANDUM OPINION**

      This is a civil rights action brought by a *pro se* state prisoner under 42 U.S.C. § 1983. Plaintiff is an inmate at the Oaks Correctional Facility. This lawsuit arises out of conditions of his confinement on December 28, 2013, at the Bellamy Creek Correctional Facility (IBC). Plaintiff named two employees of the Michigan Department of Corrections (MDOC) as defendants: Warden Kenneth McKee and Resident Unit Manager (RUM) Robert Mote. Plaintiff alleges that on December 28, 2013, defendants violated his Eighth Amendment rights by deliberate indifference to the risk that plaintiff would be assaulted by another inmate. Plaintiff asks the Court, in its discretion, to exercise supplemental jurisdiction over negligence claims against defendants under state law. Plaintiff seeks declaratory relief and an award of damages against defendants in their individual capacities.

      The matter is before the Court on defendants' motion for summary judgment. (ECF No. 16). Plaintiff opposes the motion. (ECF No. 21). For the reasons set forth

herein, defendants' motion for summary judgment will be granted and judgment will be entered in defendants' favor on all plaintiff's federal claims. The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's purported state law claims.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*,

398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, No. 16-1876, __ F. App'x __, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

## Facts

The following facts are beyond genuine issue.[1] Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions. The defendants are employed by the MDOC at the Bellamy Creek Correctional Facility (IBC). Kenneth McKee is the warden. (McKee Aff. ¶¶ 1-2, ECF No. 17-4, PageID.113). Robert Mote is a Resident Unit Manager (RUM). (Mote Aff. ¶ 1-2, ECF No. 17-2, PageID.64).

On September 30, 2013, plaintiff was charged with misconduct for fighting with prisoner Jones. (ECF No. 17-2, PageID.84). On October 9, 2013, a hearing officer conducted a hearing on this misconduct charge. Plaintiff denied that there had been any fight. He characterized it as mere "horseplay." Prisoner Jones, the other participant, said that it was a fight. The hearing officer found plaintiff guilty of the

---

[1]Plaintiff elected not to support his claims against defendants with his own affidavit or unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. Plaintiff presented no medical evidence or evidence establishing that he was assaulted by anyone on December 28, 2013. Defendants are correct that plaintiff has not supported his claims with admissible evidence. (*see* ECF No. 23). There is nothing authenticating the papers that plaintiff attached to his brief (*see* Exhibits C, D, F, ECF No. 21-1, PageID.141, 143, 148), much less that those papers were created and received by defendants on or before December 28, 2013. The conversations that prisoner Carter claims to have overheard in November 2013 (Ex. E, PageID.145-46) are inadmissible hearsay, and plaintiff has not established any basis on which such evidence could be considered by this Court without committing error. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also King v. Alexander*, 574 F. App'x 603, 606 (6th Cir. 2014).

Plaintiff's complaint is not verified under penalty of perjury. It cannot be considered as his affidavit in opposition to defendants' motion. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). It is well established that statements appearing in a party's brief are not evidence. *See Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).

misconduct of fighting and sentenced plaintiff to 15 days of detention. (ECF No. 17-2, PageID.83; ECF No. 21-1, PageID.138-39). In October Prisoner Jones was transferred to another prison. (Mote Aff. ¶ 6, ECF No. 17-2, PageID.65).

Pursuant to Policy Directive 04.05.120 and as a result of his misconduct conviction, IBC's Security Classification Committee (SCC) placed plaintiff in administrative segregation. The SCC conducted periodic reviews of plaintiff's status. (ECF No. 17-2, PageID.68-81, 85-91).

On December 11, 2013, plaintiff filed a grievance in which he disavowed all his earlier statements claiming that his interaction with prisoner Jones on September 30, 2013, had been mere horseplay. Now plaintiff claimed that prisoner Jones was a "gangster" and that plaintiff had received "numerous death threats by gangbangers." (ECF No. 17-2, PageID.93). RUM Mote provided the Step I response to this grievance. Mote noted that plaintiff's allegations had been investigated and it was determined that there was no credible, verifiable evidence supporting plaintiff's allegations. (ECF No. 17-2, PageID.94; Mote Aff. ¶¶ 11-12, PageID.65).

Plaintiff received no misconducts while he was held in administrative segregation. Therefore, he was eligible to return to the prison's general population. (Mote Aff. ¶ 13, ECF No. 17-2, PageID.65). During the December 27, 2013, SCC review, RUM Mote asked plaintiff if he was willing to return to IBC's general population. Plaintiff responded that he was willing to reenter the prison's general population. At no time during the SCC review did plaintiff make a protection request. (Mote Aff. ¶ 14, ECF No. 17-2, PageID.65). On December 28, 2013, the SCC released

plaintiff back into IBC's general population. (ECF No. 17-2, PageID.91; Mote Aff. ¶ 16, ECF No. 17-2, PageID.66).

Warden McKee and RUM Mote did not have any reason to believe that plaintiff was exposed to a substantial risk of serious harm. (McKee Aff. ¶¶ 7-10, ECF No. 17-4, PageID.113-14; Mote Aff. ¶¶ 17-18, ECF No. 17-2, PageID.66).

On December 28, 2013, plaintiff filed this lawsuit.

## Discussion

### I. Eighth Amendment Claims

Plaintiff alleges defendants were deliberately indifferent to the risk that he would be assaulted that on December 28, 2013, by an unknown prisoner assailant in violation of plaintiff's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is a stringent standard of fault." *Mangum v. Repp*, No. 15-4292, __ F. App'x __, 2017 WL 57792, at * 5 (6th Cir. Jan 5, 2017) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). " 'To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety.' " *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Eighth Amendment proscribes deliberate indifference by prison officials to an unreasonable risk of injury to prison inmates. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). An Eighth Amendment claim contains objective

and subjective components. *Cardinal v. Metrish*, 564 F.3d 794, 802 (6th Cir. 2009). First, "the deprivation alleged must be, objectively, 'sufficiently serious.' For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *Woods*, 110 F.3d at 1222. Plaintiff has presented no evidence that he was assaulted by anyone on December 28, 2013, or that he suffered any injury as a result of the purported assault. There is no evidence that plaintiff informed defendants that any specific inmate or group of inmates posed a particular risk, much less how such an inmate or inmates harmed him on December 28, 2013. No reasonable trier of fact could find in plaintiff's favor on the objective component of his claims against defendants.

The second requirement for a claim of deliberate indifference to the risk of assault against an inmate by a fellow inmate is that the prison official have a sufficiently culpable state of mind. In *Farmer v. Brennan*, the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. 511 U.S. at 839-40. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837; *see Cardinal v. Metrish*, 564 F.3d at 802; *see also Mangum v. Repp*, 2017 WL 57792, at * 6, 9. "This burden is not light; even 'an official's failure

to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot ... be condemned as punishment.' " *Shade v. City of Middletown*, 200 F. App'x 566, 569 (6th Cir. 2006) (quoting *Farmer,* 511 U.S. at 838); *see Perez v. Oakland County*, 466 F.3d 416, 424 (6th Cir. 2006). The plaintiff's "burden can be met 'in the usual ways including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.' " *Smith v. Yarrow*, 78 F. App'x 529, 537 (6th Cir. 2003) (quoting *Farmer*, 511 U.S. at 842).

There is no evidence supporting an inference that defendants knew that any specific inmate or group of inmates posed a particular risk to plaintiff. There is no evidence that plaintiff was unusually vulnerable. A negligent failure to respond to a prisoner's vague report of a threat posed by unidentified "gangbangers" that could not be verified falls far short of what is necessary to satisfy the subjective component of an Eighth Amendment claim. No reasonable trier of fact could find in plaintiff's favor on the subjective component of his Eighth Amendment claims against defendants.[2]

**2.     Supplemental Jurisdiction**

Plaintiff asks the court to exercise supplemental jurisdiction over his state-law negligence claims. Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie County Sheriff's Dep't*, 603 F.3d 414, 424 (6th Cir. 2015). "Supplemental jurisdiction is a

---

[2]It is not necessary to reach the issue of whether defendants are also entitled to judgment in their favor on the basis of qualified immunity.

doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008); *see also Shaver v. Brimfield Twp.*, 628 F. App'x 378, 384 (6th Cir. 2015); *Smith v. Erie County Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). There is no reason in this case to depart from the general rule.

## Conclusion

For the reasons set forth herein, defendants' motion for summary judgment will be granted and judgment will be entered in defendants' favor on all plaintiff's federal claims. The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's purported state law claims.

Dated:  March 24, 2017              /s/ Paul L. Maloney
                                    Paul L. Maloney
                                    United States District Judge